980 F.2d 743
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Pascual CABRERA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3429.
 United States Court of Appeals, Federal Circuit.
 Oct. 14, 1992.
 
 Before ARCHER, MAYER and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Pascual Cabrera petitions for review of the April 7, 1992 Initial Decision of the Administrative Judge (AJ) of the Merit Systems Protection Board (Board) in Docket No. SE-0831-92-0103-I-1, which decision became the final decision of the Board on May 12, 1992 when no further action had been taken by Mr. Cabrera or the Board. Mr. Cabrera appealed to the Board from a determination of the Office of Personnel Management (OPM) that Mr. Cabrera was not entitled to a deferred annuity for his civilian service, which consisted of several periods of service between 1941 and 1947. Mr. Cabrera raised for the first time in the appeal a later period of service that he attempted to tack on to the earlier time periods. In his decision, the AJ denied OPM's motion to dismiss Mr. Cabrera's appeal under the doctrine of res judicata but dismissed the appeal for lack of subject matter jurisdiction because OPM had not issued a final decision covering the period of service raised anew in the appeal. We affirm.
 
 DISCUSSION
 
 2
 We must affirm a Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1988).
 
 
 3
 The federal statute covering civil service retirement grants OPM the power to "prescribe such regulations as are necessary and proper to carry out ... [the terms of the civil service retirement] subchapter." 5 U.S.C. § 8347(a) (1988). The Board's regulations regarding its appellate jurisdiction state that "[t]he Board has jurisdiction over appeals from agency actions when the appeals are authorized by law, rule, or regulation." 5 C.F.R. § 1201.3(a) (1992) (emphasis added). Therefore, under the OPM regulation, an individual or agency has the right to appeal to the Board from an adverse OPM decision regarding retirement annuities only if the decision is "final." 5 C.F.R. § 831.110 (1992).
 
 
 4
 In the instant case, the AJ found that there was "no evidence that the Office of Personnel Management ha[d] issued a final determination encompassing the full span of service claimed by [Mr. Cabrera]," Cabrera v. OPM, No. SE-0831-92-0103-I-1, slip op. at 3 (MSPB April 7, 1992), and, therefore, dismissed the appeal for lack of jurisdiction. Because the requirement for finality is clearly established by the regulation and because there was no evidence showing that the OPM had ever made a final determination on the period raised in Mr. Cabrera's appeal, the AJ's decision was rational and was issued in accordance with law and with procedures required by law.[1] Accordingly, the Board's decision is affirmed.
 
 
 
 [1]
 In his decision, the AJ also denied OPM's motion to dismiss under the doctrine of res judicata. On appeal, OPM, although respondent, questions the validity of this action. Because we affirm on jurisdictional grounds, we do not reach the res judicata issue. Moreover, it appears we could not affirm the Board's decision on the res judicata ground in any event, because it was not the ground adopted by the Board for its decision. See SEC v. Chenery Corp., 318 U.S. 80, 87 (1943)